**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONGMIN ZHAO, | No. 17-73409 |
| Petitioner, | Agency No. A205-771-480 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026[**]
Pasadena, California

Before:  WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Rongmin Zhao, a native and citizen of China, seeks review of a decision by

the Board of Immigration Appeals ("BIA") dismissing an appeal from an

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Under this standard, findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation modified).

1. Substantial evidence supports the agency's adverse credibility determination against Petitioner. Considering the "totality of the circumstances and all relevant factors," the agency identified several reasons, supported by substantial evidence in the record, for finding Petitioner not credible. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In particular, the agency reasonably relied on Petitioner's inconsistent testimony as to (1) when she learned she could apply for asylum; (2) why she presented a medical certificate for her second alleged intrauterine device ("IUD") insertion but not her first; and (3) why she did not remove her IUD after entering the United States. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926–27 (9th Cir. 2020) (substantial evidence supported adverse credibility determination where

2

petitioner testified inconsistently and implausibly).

The agency also provided specific and detailed examples to support its determination that Petitioner's demeanor "indicated a lack of candor." *See Dong*, 50 F.4th at 1298 ("Credibility determinations based on demeanor are given substantial weight for the obvious reason that the IJ sees the witnesses and hears them testify.") (citation modified). Taken together, the agency's "specific and cogent reasons supporting [its] adverse credibility determination" satisfy the substantial evidence standard. *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

2.  Substantial evidence supports the agency's conclusion that Petitioner did not demonstrate eligibility for asylum or withholding of removal through evidence independent of her own testimony.[1] *See Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024), *as amended.* The agency reasonably accorded reduced weight to the medical documents that Petitioner provided because they were of limited detail and questionable veracity. *See Garcia*, 749 F.3d at 790–91.

**PETITION DENIED.**

---

[1] Petitioner did not raise her CAT claim before the BIA or this Court. It is therefore both unexhausted and waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).